

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
FARGO FREIGHT GmbH,

               Plaintiff,

  - against -

DEVAL DENIZCILIK VE TIC A.S a/k/a
DEVAL SHIPPING & TRADING CO.,

               Defendant.
------------------------------------------------------X

ECF CASE

## VERIFIED COMPLAINT

Plaintiff, FARGO FREIGHT GmbH (hereinafter referred to as "FARGO" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon LLC, as and for its Verified Complaint against the Defendant, DEVAL DENIZCILIK A.S. a/k/a DEVAL SHIPPING & TRADING CO. (hereinafter referred to as "DEVAL" or Defendant) alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and also this Court's federal question jurisdiction, 28 United States Code § 1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of Austria.

3. Upon information and belief, Defendant DEVAL was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, with an office in Turkey.

4.  By a charter party dated March 12, 2007, FARGO chartered the Vessel M/V "ASKABAT" (hereafter referred to as "Vessel) from DEVAL for one time charter trip of about forty (40) days from Brazil to Skaw/Black Sea range, for the purpose of carriage of any lawful cargoes on the Vessel.

5.  During the course of the aforesaid charter, certain disputes arose between the parties regarding the Vessel's off-hire at the loading ports of Santos and Rio de Janiero, Brazil and her late arrival at the discharge port of Dakar, Senegal.

6.  The Vessel off-hire at loading ports was caused due to DEVAL's failure to obtain free pratique[1] on arrival at Santos in breach of Defendant's obligations, *inter alia*, under charter party clauses 1 and 45; the Vessel off-hire at Rio de Janiero was caused due to DEVAL's failure to properly maintain and equip the Vessel and thereby causing and permitting her cargo loading gear to breakdown in breach of Defendant's obligations, *inter alia*, under charter party clauses 35, 84 and 85; and the late arrival at the discharge port of Dakar, Senegal was caused by DEVAL's failure to carry out the voyage with all due deliberate speed, dispatch and skill in breach of Defendant's obligations, *inter alia*, under charter party clauses 8, 11, 15 and 32.

7.  As a result of Defendant's aforedescribed breaches of the charter party, FARGO has sustained damages in the total principal amount, as best as may presently be approximated, of $140,631.21, exclusive of accumulated interest, arbitration costs and attorneys fees.

8.  The aforesaid charter party provides that disputes will be settled in London arbitration with English law to apply and FARGO commenced arbitration against DEVAL on or about June 5, 2007.

---

[1] Free pratique is the permission required to be obtained from local port health authorities that the Vessel is free from infectious disease or plague and that her crew is permitted to come ashore and stevedores are permitted to load/unload cargo to/from the Vessel. In the absence of free pratique a Vessel may be required to wait at quarantine anchorage.

2

9.  Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings applying English law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | On the principal claims: | $140,631.21[2]; |
| | 1. Loss of vessel time[3] – Santos: | $13,840.71; |
| | 2. Loss of vessel time – Rio de Janiero: | $111,300.28; |
| | 3. Loss of vessel time – Dakar: | $22,420; |
| B. | 3 years of interest at 7.5% per annum: | $35,117.92; and |
| C. | Attorneys fees and arbitration costs: | $75,000. |
| **Total:** | | **$250,749.13.** |

10.  The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

11.  The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by

---

[2] The principal claim due from DEVAL is $140,631.21 reflecting various debits and credits for other vessel items and payments made by FARGO to DEVAL under the charter party as provided in FARGO's Final Hire Statement appended hereto as Exhibit 1.
[3] Loss of vessel time figures includes fuel oil bunkers and other vessel items consumed and/or incurred during the off hire periods as reflected by Exhibit 1.

3

any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

12. The Plaintiff also seeks an Order from this Court recognizing, confirming and enforcing any forthcoming London arbitration award(s) in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq.*

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$250,749.13**.

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$250,749.13** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including, but not limited to, such property as may be held, received or transferred in Defendant's name, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That pursuant to 9 U.S.C. §§ 201 *et seq.* this Court recognize and confirm any London arbitration award(s) or judgment rendered on the claims had herein as a judgment of this Court;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
       February 8, 2008

The Plaintiff,
FARGO FREIGHT GmbH

By: _____
    Kevin J. Lennon

LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Phone (212) 490-6050
Fax (212) 490-6070
kjl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
          February 8, 2008

_____
Kevin J. Lennon

EXHIBIT 1

MV Askabat - Acct Fargo Freight GmbH - C/P 02/03/2007
Final-Hire Statement

| | | | Credit | Debit |
|---|---|---|---|---|
| Date | | 26/10/2007 | | |
| Delivery: | Dlosp Tema | 14/03/2007 15.00 gmt | Actual | |
| Redelivery: | Dlosp Birkenhead | 14/05/2007 21.10 gmt | Actual | |
| | | 61.2589 Days | | |
| **Hire details** | Notes | | Credit | Debit |
| Daily Hire | | 12,500.00 | | 765,711.81 |
| Address Commission | Comm 3.75% | | 28,714.19 | |
| Brokerage Commission | Comm 1.25% | | 9,571.40 | |
| **Bunker expes:** | | | | |
| Bunker on delivery | IFO  496.000 | 310.00 | | 153,760.00 |
| Bunker on delivery | MGO  46.000 | 590.00 | | 27,140.00 |
| Bunker on redelivery | IFO  526.800 | 310.00 | 163,308.00 | |
| Bunker on redelivery | MGO  51.100 | 590.00 | 30,149.00 | |
| On Hire Survey | | | 0.00 | |
| Off Hire Survey | | | 0.00 | |
| **Owners expes:** | | | | |
| Santos | Final | | 0.00 | |
| Rio de Janeiro | Final | | 1,141.80 | |
| Dakar | Final | | 0.00 | |
| Birkenhead | Final | | 0.00 | |
| Commission on Owns exp | | 2.50% | 28.55 | |
| **Various expenses** | | | | |
| C/E/V | | USD 1,700.00 | | 3,471.23 |
| ILHOC | | USD 3,500.00 | | 3,500.00 |
| **Charterers deductions** | | | | |
| Off-hire Santos 24/04/2007 | 1.0799 Days | 11,875.00 | 12,823.81 | |
| Bunker cons. Santos off-hire 24-25/03/07 | IFO  0.000 | 310.00 | 0.00 | |
| Bunker cons. Santos off-hire 24-25/03/08 | MGO  1.620 | 590.00 | 955.71 | |
| C/E/V during off-hire | | USD 1,700.00 | 61.19 | |
| Off-hire Rio de Janeiro | 8.684028 Days | 11,875.00 | 103,122.83 | |
| Bunker cons. Rio de Janeiro off-hire | IFO  0.000 | 310.00 | 0.00 | |
| Bunker cons. Rio de Janeiro off-hire | MGO  13.026 | 590.00 | 7,685.36 | |
| C/E/V during off-hire | | USD 1,700.00 | 492.09 | |
| Wharfage exps during Rio de Janeiro off-hire | | | 15,794.74 | |
| Unjustified late arrival at Dakar | 0.8080 Days | 12500.00 | 10,100.00 | |
| and bunker overconsumption | IFO  15.000 | 310.00 | 4,650.00 | |
| and bunker overconsumption | MGO  13.000 | 590.00 | 7,670.00 | |
| **Additional amounts debited by Owners** | | | | |
| Various services | | | | 0.00 |
| **Remittance to Owners** | | | | |
| Charterers remittance: | 15/03/2007 | | 359,475.00 | |
| Charterers remittance: | 13/04/2007 | | 95,433.06 | |
| Charterers remittance: | 02/05/2007 | | 38,955.34 | |
| Charterers remittance: | 07/05/2007 | | 194,390.68 | |
| Charterers remittance: | 10/05/2007 | | 8,691.48 | |
| **TOTAL** | | | 1,094,214.25 | 953,583.03 |
| Balance Charterers favour | | | 0.00 | 140,631.21 |
| | | E. & O. E. | 1,094,214.25 | 1,094,214.25 |

To remitted to:
CORNER BANCA S.A.
LUGANO
Conto USD. No. 349081.02
Swift Code: CBLUCH22
Clearing: 8490
Beneficiary: Fargo Freight GmbH
Correspondent bank: Citibank NA – USA

## Wharfage exps in RDJ

| | | | |
|---|---|---|---|
| Total days at beth: | 30/03/2007 21.55<br>12/04/2007 07.45<br>12.4097 Days | Total wharfage exps: | R$ 45.675,00 |
| Total off-hire in RDJ: | 8.6840 Days | Wharfage exps during off-hire: | R$ 31,962.23 |
| | | roe 2.0236 | USD 15,794.74 |