**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**FARGO FREIGHT GmbH,**

                **Plaintiff,**            08 Civ. 1291 (JGK)

      - against -                **MEMORANDUM OPINION AND**
                                                     **ORDER**
**DEVAL DENIZCILIK VE TIC A.S. a/k/a**
**DEVAL SHIPPING & TRADING CO.,**

                **Defendant.**
------------------------------------

**JOHN G. KOELTL, District Judge:**

The defendant, Deval Denizcilik ve Tic A.S. ("Deval"), moves pursuant to Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims for countersecurity in the sum of $128,176.72 in connection with its counterclaim against the plaintiff, Fargo Freight GmbH ("Fargo"). The plaintiff concedes that countersecurity is appropriate but only in the amount of $75,856.72. For the reasons set forth below, the defendant's motion for countersecurity is granted in the amount of $88,176.72.

I

According to the Verified Complaint, in March 2007, the plaintiff entered into a charter party with the defendant for the charter of the vessel M/V ASKABAT. (Compl. ¶ 4.) The plaintiff commenced arbitration proceedings in London on or

1

about June 5, 2007, alleging breach of the charter party. (Compl. ¶¶ 6, 8.)  On February 8, 2008, by Order of this Court, the plaintiff obtained a Rule B attachment of the defendant's property up to the amount of $250,749.13 as security for a potential award in the London arbitration.

The defendant filed an Answer and Counterclaim on December 5, 2008, denying that it breached the charter party and alleging that the plaintiff breached the charter party.  (Answer ¶¶ 6-7; Countercl. ¶¶ 5-8.)  The defendant requested countersecurity in the sum of $166,164.35, which included the following amounts: (1) damages due to the plaintiff's breach in the sum of $42,551.03; (2) interest at a rate of 7%, compounded quarterly for four years, totaling $13,613.32; and (3) legal costs and fees in the sum of $110,000, consisting of $75,000 for defending against the plaintiff's claim and $35,000 for prosecuting the counterclaim.  (Countercl. ¶¶ 11-13.)  The defendant subsequently reduced the interest it sought to $10,625.69 (reflecting three years' interest at 7.5% per annum, the same time and rate used by Fargo) and the legal costs and fees to $75,000 (described simply as the amount needed to "defend claim and prosecute counterclaim").  (Deft.'s Mar. 9, 2009 Letter Brief.)  The total countersecurity the defendant now seeks is $128,176.72.

The plaintiff objects solely to the portion of the requested countersecurity representing legal costs and fees. The plaintiff argues that Rule E(7) entitles the defendant to seek countersecurity only for those legal costs and fees that will be incurred in prosecuting its counterclaim and not in defending against the plaintiff's original claim. The plaintiff further contends that $35,000 in legal costs and fees is unreasonable in relation to the defendant's claimed damages of $42,551.03.[1] The plaintiff urges that the defendant's legal costs should be calculated by extrapolating the ratio of damages to anticipated costs and fees from the security obtained by the plaintiff and applying that ratio to the defendant's application for costs and fees.[2] This would permit the defendant to seek security in the amount of $22,680 for costs and fees.

II

Rule E(7) provides in relevant part:

> When a person who has given security for damages in
> the original action asserts a counterclaim that arises
> from the transaction or occurrence that is the subject

---

[1] The plaintiff assumes that the defendant still seeks $35,000 to prosecute its counterclaim and has reduced its estimate of recoverable legal costs and fees to defend the plaintiff's claim from $75,000 to $40,000. This assumption is supported by the Defendant's March 26, 2009 Letter Brief, which refers to "claimed legal fees of $35,000 to prosecute a claim." (Deft.'s Mar. 26, 2009 Letter Br. 2.)

[2] The plaintiff sought and received security for its principal claim of $140,631.21 and legal fees of $75,000. Thus, the ratio of the plaintiff's legal fees to damages is 53.3%. Applying this calculation to the defendant's principal counterclaim of $42,551.03 yields the sum of approximately $22,680 in allowable security for legal fees, according to the plaintiff.

>     of the original action, a plaintiff for whose benefit
>     the security has been given must give security for
>     damages demanded in the counterclaim unless the court
>     for cause shown, directs otherwise.

A district court "possesses broad discretion in deciding whether to order countersecurity . . . ." Result Shipping Co. v. Ferruzzi Trading USA, Inc., 56 F.3d 394, 399 (2d Cir. 1995). "Inherent in the district court's discretion in deciding whether to order countersecurity is discretion to determine the amount of the countersecurity." Clipper Shipping Lines Ltd. v. Global Transport Oceanico S.A., No. 06 Civ. 15299, 2007 WL 646329, at *1 (S.D.N.Y. Feb. 26, 2007). The Court of Appeals for the Second Circuit has explained that while "the purpose of Rule E(7) is to place the parties on an equality as regards security . . . the Rule is not intended to impose burdensome costs on a plaintiff that might prevent it from bringing suit." Result Shipping, 56 F.3d at 399-400 (internal quotation marks and citations omitted).

The defendant argues that it should receive countersecurity for the legal costs and fees of defending against the plaintiff's original claim, in addition to prosecuting the counterclaim. That argument is without merit. On its face, Rule E(7) provides only for security for "damages demanded in the counterclaim." Damages for a counterclaim can include attorney's fees where those attorney's fees are recoverable as

4

part of the counterclaim, for example, under English law. However, security for the expense "of defending against the original complaint . . . is beyond the scope of Rule E(7)(a) . . . which provides that countersecurity is to cover only the damages demanded in the counterclaim." Aifos Trade S.A. v. Midgulf Int'l Ltd., No. 06 Civ. 203, 2006 U.S. Dist. LEXIS 97549, at *6-7 (S.D.N.Y. May 2, 2006) (internal quotation marks omitted); see also Med-Asia Shipping Ltd. v. Cosco Beijing Int'l Freight Co., 07 Civ. 9624, 2008 WL 925331, at *2 (S.D.N.Y. Apr. 2, 2008) (denying application for countersecurity for legal costs and fees where the defendant asserted no counterclaim); but see Ullises Shipping Corp. v. FAL Shipping Co. Ltd., 415 F. Supp. 2d 318, 329 (S.D.N.Y. 2006) (granting countersecurity for attorneys' fees in defending litigation but not for damages asserted in counterclaims), abrogated on other grounds by Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434 (2d Cir. 2006).

    The defendant seeks to fit its request for costs and fees related to defending against the plaintiff's claim within the scope of Rule E(7) by characterizing those costs and fees as "inseparable" from the costs and fees of prosecuting the counterclaim.  Indeed, the defendant argues that its "costs to defend against Fargo's claim are the same costs to prove its own counterclaim."  (Deft.'s Mar. 26, 2009 Letter Br. 2.)  However,

5

the defendant has repeatedly belied that argument by providing a discrete figure of $35,000 for the costs and fees of prosecuting the counterclaim alone, thus showing itself able to separate the costs and fees of prosecuting the counterclaim from the costs and fees of defending against the original claim.  (Countercl. ¶ 12; Deft.'s Mar. 26, 2009 Letter Br. 2.)  Therefore, this case is not analogous to those cases cited by the defendant in which parties seeking countersecurity under Rule E(7) did not separate the costs and fees associated with defending against the original claim from those associated with prosecuting the counterclaim.  See Glory Wealth Shipping Service Ltd v. Five Ocean Corp. Ltd., 571 F. Supp. 2d 531, 539-41; Fednav Int'l Ltd. v. Sunwoo Merchant Marine Co. Ltd., No. 07 Civ. 3886, 2007 WL 3051669, at *1-2 (S.D.N.Y. Oct. 18, 2007).  To the extent those cases stand for the proposition that countersecurity should be granted under Rule E(7) for costs and fees strictly associated with defending against the original claim every time the original claim and the counterclaim arise out of the same transaction and allege inconsistent theories of liability, that proposition is inconsistent with the plain language of Rule E(7).

It should also be noted that the Court repeatedly gave the defendant the opportunity to brief the question of whether it would be entitled to countersecurity under Rule E(2), which

provides in certain circumstances for security for costs and is not limited in scope to damages asserted in a counterclaim.  See Rule E(2)(b).  The defendant declined to do so.

For the foregoing reasons, the defendant is not entitled to countersecurity for costs and fees associated strictly with defending against the plaintiff's original claim.

The plaintiff argues that $35,000 in legal costs and fees is unreasonable in relation to the damages alleged in the counterclaim in the amount of $42,551.01, particularly in light of the fact that the plaintiff only received security for costs and fees at a rate of 53.3% of its principal claim.  Although "the purpose of Rule E(7) is to place the parties on an equality as regards security," Result Shipping, 56 F.3d at 399 (internal quotation marks omitted), there is no prescribed formula for achieving that equality.  Rather, a district court exercises its discretion in ordering countersecurity, "governed by its sense of fairness and equality, which will necessarily be closely tied to the particular factual circumstances presented by a case." Clipper Shipping, 2007 WL 646329, at *2 (collecting cases in which admiralty courts took differing approaches in ordering countersecurity).  In this case, the plaintiff was granted security in the full amount that it requested.  The Court accepts the defendant's representation that $35,000 represents a fair estimation of the legal costs and fees associated with

7

prosecuting the counterclaim. Nothing in the Declaration submitted by solicitor Glenn Winter in support of the plaintiff's argument persuades the Court to the contrary. Indeed, that Declaration relies in part on the unfairness of granting the defendant countersecurity for the costs of defending against the plaintiff's original claim in addition to the $35,000 for prosecuting the counterclaim. (Winter Decl. ¶ 8.) As explained above, however, the Court declines to grant the defendant countersecurity for the costs and fees associated with defending against the original claim.

## CONCLUSION

For all of the foregoing reasons, the defendant's motion for countersecurity is **granted** in the amount of $88,176.72. That figure represents the sum of: (1) the damages alleged in the counterclaim, (2) the requested interest on that amount, and (3) the costs and fees anticipated in prosecuting the counterclaim.

**SO ORDERED.**

Dated:   New York, New York
         April 28, 2009

                                            _____
                                            John G. Koeltl
                                            United States District Judge